UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEAN FOODS COMPANY, | § | CASE NO. 19-36314 |
| *Debtors*, | § | |
| | § | Chapter 11 |
| DEAN HAWA, | § | |
| *Movant*, | § | |
| | § | A Hearing on the Motion for |
| | § | Relief from the Automatic Stay |
| | § | _____, 2020 AT _____ |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C §362**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE FEDERAL AND LOCAL RULES. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Dean Hawa ("Movant") who hereby files this Motion for Relief from Automatic Stay Under 11 U.SC. § 362 ("Motion") and in support thereof, respectfully show the Court as follows:

**I. Background Facts**

1. On February 8, 2019 Plaintiff Dean Hawa filed a Texas State Court Case, in Harris County District Court, against Defendant Randall's Food & Drugs,

LP. Plaintiff was injured while working at Defendant Randall's Food & Drugs, LP. A true and correct copy of Plaintiff's Original Petition is attached as **EXHIBIT A**.

2.  On the day he was injured, Plaintiff was tasked with unloading a heavy pallet of milk crates at the Randall's store. The pallet that the milk crates were on was supplied by Defendant Dean Foods Company ("Debtors"). As a direct result of Defendants' conduct, Plaintiff suffered severe injuries to his spine that have necessitated ongoing and extensive medical care. Plaintiff amended his petition to add Dean Foods Company as a defendant on October 24, 2019, after it became known to Plaintiff the role that Dean Foods played in causing Plaintiff's injuries. A true and correct copy of Plaintiff's First Amended Petition is attached as **EXHIBIT B**.

3.  One month after Plaintiff filed his amended petition in the Harris County state court matter, Plaintiff was notified that Defendant Dean Foods filed a suggestion of Chapter 11 bankruptcy on November 26, 2019. A true and correct copy of the Suggestion of Bankruptcy is attached as **EXHIBIT C**.

4.  There currently exists a Texas State Court Case, Cause No. 2019-10026; *Dean Hawa v. Randall's Food & Drugs, LP* now pending in the 151st Judicial District for Harris County, Texas ("State Court Case").

6.  Based upon information and belief, at the time of the incidents in question, and at all times material thereto, Debtors maintained general liability and/or excess insurance policies which insured Debtors and covered incidents such as are described herein. In the event no such coverage exists, Movant reserves the right to request leave from this Court to file a proof of claim as to the underlying claims against Debtors.

7. It is believed that Debtors have primary and/or excess insurance providing full indemnity to the Debtors for any liability arising from all claims made by the Movant. Movant seeks to modify the automatic stay for the limited purpose of continuing the State Court Case against Debtors to adjudicate Debtors' liability in connection with the injuries and damages sustained by Movant.

## II. Movants' Claims Limited to Debtors' Policy Limits

8. As a condition of the relief requested, Movant agrees to limit any recovery efforts against Debtors to the funds available for indemnity of the Debtors which is provided by any available and unencumbered primary and excess coverage. Movant waives any further claims against the Debtors' estate. In the event no such coverage exists, Movant reserves the right to request leave from this Court to file a proof of claim as to the underlying claims against Debtors. To the extent that Movants obtain a judgment as to Debtors in excess of the amount available insurance, any such claim shall be waived against the Debtors' bankruptcy estate.

## III. Authorities

9. As a general rule, the filing of a bankruptcy petition operates to stay litigation involving pre-petition claims against the debtor. *See* 11 U.S.C. § 362(a)(1). However, the automatic stay can be lifted, so long as an interested party can demonstrate "cause". See 11 U.S.C §362(d)(1). Although "cause" is not defined in the bankruptcy code the bankruptcy courts have given meaning to the term based on a three prong test for determining whether a stay should be lifted. The three factors are:

- Whether any great prejudice to either the bankruptcy estate or the debtor will result in prosecution of the lawsuit;

- Whether the hardship to the non-debtor party by the continuation of the automatic stay outweighs the hardship of the debtor; and

- Whether the creditor has probability of success on the merits of his/her case. *Intl'l Bus. Machine v. Fernstrom Storage and Van Co.*, 938 F.2nd 731, 735 (7th Cir. 1991); *Heathfirst v. Martha Washington Hospital*, 157 B.R. 392, 395 (N.D. Ill, 1993); *In re Brock Laundry Machine Company*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984); *In re Robertson*, 244 B.R. 880 (Bkrtcy. N.D. Ga. 2000).

10. By this Motion, Movant seeks authority from this Court under 11 U.S.C. § 362, to proceed with the State Court Case in order to liquidate Movant's claims against the Debtors and to collect any judgment obtained against the Debtors' insurance carrier(s).

### A. Lack of Prejudice to Debtors and Estate

11. Courts have routinely found that good cause exists for lifting an automatic stay as to litigation against a debtor which has insurance coverage to cover a judgment rendered in the underlying lawsuit. Courts have come to this conclusion based upon the rationale that the litigation against the debtor has no connection and would not interfere with the pending bankruptcy case. *See Foust v. Munson S.S. Lines* 299 U.S. 77, 87-88, 57 Ct. 90, 81 L.Ed 49 (1936) (Supreme Court concluded that the "bankruptcy injunction" should have been lifted to permit wrongful death suit to go forward since the claimant was only interested in establishing liability under insurance policy and because the reorganization proceeding would not be adversely affected); *Matter of Fernstrom Storage and Van Co.*, 938 F.2d at 736 (court affirmed bankruptcy court's decision to lift stay to permit action to proceed in another forum reasoning that the "debtors […] suffer little prejudice when they are sued by plaintiffs

who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties or guarantors"); *Holtkamp v. Littlefield*, 699 F.2d 505, 508 (7th Cir. 1982) (stay lifted to allow civil action to go forward since bankruptcy estate was not jeopardized, as insurer assumed full financial responsibility for defending litigation); *In re Robertson* 244 B.R. 880 (B.R. N.D.Ga.2000) (court lifted stay on state court tort claim involving a motor vehicle accident where the debtor was insured by State Farm Insurance).

12. The Court should lift the automatic stay to permit the continuation of the State Court Case and to allow the prosecution Unfiled Movants' prospective claims since no great prejudice to either the Debtors or the bankruptcy estate would result from the aforementioned request.

**B. Hardship to Movant Outweighs the Hardship to Debtors**

13. In deciding whether or not Movans will be prejudiced if not allowed to litigation his state court tort actions, the Court cannot ignore the simple economics of the situation. *See In re Roberston* 244 B.R. at 883. Here, Movant seeks a money judgment because he has suffered harm as a direct result of Debtors' negligent acts and/or omissions. To the extent that Movant obtains a judgment, he will look solely to the Debtors' insurers to satisfy it. *See id*.

14. Unlike Movant, whose claims will be greatly prejudiced if the stay is not lifted, Debtors are not faced with any pending financial burden as a result of the pesticide usage, exposures and injuries suffered by Movant. Thus the only party that stands to benefit financially if the stay is not lifted is Debtors' insurers. The Court should lift the automatic stay with respect to Movant's underlying lawsuit as the

hardship to Movant outweighs any hardship claimed by the Debtors and doing otherwise would deny Movant the opportunity to timely litigate his claims.

### C. Movants Will Likely Prevail in State Court

15. In this case, Movant was injured as direct and proximate result of Defendants' collective acts and/or omissions. Defendant Randall's Food & Drug is a non-subscriber to the Texas workers compensation system and failed to provide proper training, equipment, materials, and supervision which led to Plaintiff's injuries. With respect to the Debtors, it is clear from the discovery that has taken place so far in the State Court case that the pallet supplied by Debtors was defective, damaged, and/or had otherwise been negligently maintained. The condition of the pallet also led to Plaintiff's injuries.

16. While Movant has been unable to conduct discovery as to Debtors in his State Court Case due to the bankruptcy stay, the available information indicates that Movant will likely prevail on the merits with respect to liability, causation and damages as to Debtors.

17. Cause exists to lift the automatic stay allowing Movant to continue with his State Court Case since a jury trial had been requested, discovery is ongoing, and all issues are based entirely on state law. Moreover, the Bankruptcy Court has limited jurisdiction as to personal injury claims. The Court should lift the automatic stay with respect to Movant's underlying lawsuit.

### IV. Relief Requested

No prior request for the relief sought herein has been made to this or any other court. Movant respectfully prays for the Court to enter an order modifying the

automatic stay to permit the Movant to proceed to final judgment in the State Court Case styled, Cause No. 2019-10026; *Dean Hawa v. Randall's Food & Drugs, LP* pending in the 151st Judicial District for Harris County, Texas and to allow Movant to execute, levy, and collect upon such final judgment as may be obtained by Movant in the State Court Case to the extent of all available and unimpaired primary and excess insurance policy limits, and for any and all other such relief to which the Court finds Movant justly entitled.

**Dated: January 27, 2020**

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Noah M. Wexler*

_____
Noah M. Wexler
State Bar No. 24060816
J. Benjamin Bireley
State Bar No. 24076086
Jake Balser
State Bar No. 24109155
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, Texas 77007
t. 713.222.3800
nwexler@arnolditkin.com
bbireley@arnolditkin.com
jbalser@arnolditkin.com
jaiteam@arnolditkin.com

**ATTORNEYS FOR MOVANT**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on January 24, 2020, I attempted to confer with Counsel for Dean Foods Company. As of the date of this filing, Defendant has not formally responded as to their position on the matter. For the purposes of consideration of Plaintiff's motion, Plaintiff presumes that Defendant Dean Foods Company is opposed.

*/s/ Noah Wexler*
Noah Wexler

**.CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of January 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| Debtor's Counsel | William R. Greendyke<br>Norton Rose Fulbright US LLP<br>1301 McKinney Street,<br>Suite 5100<br>Houston, Texas 77010<br>713-651-5193 |
|---|---|
| U.S. Trustee | Office of the US Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, Texas 77002<br>713.718.4650 |

I further certify that on the 27th day of January 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and the persons/entities listed on the attached service list were served notice as stated thereon.

*/s/ Noah Wexler*
Noah Wexler